UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARYTHERESE MILLER,

Plaintiff,

v.

LLOYD J. AUSTIN III, *et al*.,

Defendants.

No. 20-CV-1958 (KMK)

OPINION & ORDER

Appearances:

Marytherese Miller
Cornwall on Hudson, NY
*Pro Se Plaintiff*

Jennifer C. Simon, Esq.
U.S. Attorney's Office SDNY
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

Marytherese Miller ("Plaintiff") brings this pro se Action against Lloyd J. Austin III, Secretary of the Department of Defense ("Austin"), John E. Whitley, Acting Secretary of the Department of the Army (the "Department"), ("Whitley"), Ltg. Charles Pede, Judge Advocate Generals Corps ("Pede"), Kathleen McGettigan, Acting Director of the U.S. Office of Personnel Management ("OPM"), ("McGettigan"), Kevin J. Berry, Equal Employment Opportunity Commission ("EEOC"), ("Berry"), Dennis Dean Kirk, Chair of the Merit Systems Protection Board ("MSPB"), ("Kirk"), Jamie Nawaday ("Nawaday") and Natasha L. Waglow ("Waglow"), Department of Justice ("DOJ"), and Inspector Generals Dodig and Army ("Dodig" and "Army",

respectively; collectively, "Defendants"). (*See* Compl. (Dkt. No. 1).)[1] Plaintiff alleges that Defendants violated her constitutional and statutory rights, including under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* (the "Rehabilitation Act"), in connection with her discharge from employment by the Department. (*Id.*) Before the Court is Defendants' Motion To Dismiss (the "Motion") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Not. of Mot. (Dkt. No. 7).) For the reasons that follow, the Motion is granted.

## I. Background

The following facts are taken from Plaintiff's Complaint. They are assumed to be true for purposes of adjudicating the instant Motion.

Plaintiff was employed by the Department for nearly 28 years, providing administrative and technical support to hearings and investigations. (Compl. 5.)[2] In 2004, Plaintiff slipped on the stairs at work and injured her patella. (*Id.* at 7.) To accommodate this and a subsequent knee injury, Plaintiff in 2006 was allowed to work in the hearing room located down the hallway from her desk. (*Id.*) On May 7, 2007, Defendants denied Plaintiff's reasonable accommodation, and ordered her to report to work on the date of her planned surgery. (*Id.* at 8–9.) In late 2008 through 2009, office renovations forced Plaintiff to relocate, and she received accommodation to avoid climbing steep inclines and ramps. (*Id.* at 9–10.) Plaintiff's supervisor reversed this accommodation on January 5, 2010. (*Id.* at 10.) The need to ascend a non-handicap concrete

---

[1] The Clerk of the Court is respectfully directed to update the docket consistent with this Opinion & Order, replacing Mark T. Esper with Austin, Ryan D. McCarthy (spelled "McArthy" in the Complaint caption) with Whitley, and Jeff T.H. Pon with McGettigan, consistent with their current public office. *See* Fed. R. Civ. P. 25(d).

[2] Because the Complaint uses discontinuous paragraph numbers and contains inconsistently labeled exhibits, the Court refers to the ECF-generated page numbers in the upper right-hand corner of each page.

incline caused Plaintiff to tear her ACL. (*Id.*) While Defendants claimed that they offered Plaintiff a mobility scooter for the incline, they never obtained one, nor did they have the authority to do so. (*Id.* at 11–12.) Defendants subsequently sought to remove Plaintiff from her job, even though she had committed no misconduct and received excellent performance ratings. (*Id.*) Plaintiff filed a complaint with the MSPB and was reinstated to her job in March 2013. (*Id.* at 12.) Upon her reinstatement, Plaintiff was prevented from recording contested honor hearings because Defendants blocked reasonable accommodation. (*Id.* at 13.) After Plaintiff received another excellent performance rating, MSPB reversed its decision. (*Id.* at 13–14.) On June 3, 2014, Plaintiff was terminated from her position, though she has yet to receive valid paperwork effecting the termination. (*Id.* at 15–16.)

Despite the lack of a trial, (*id.* at 5), Plaintiff's claims have been adjudicated in federal court. On September 14, 2011, Judge Scheindlin granted summary judgment in a Rehabilitation Act and Title VII action filed by Plaintiff prior to her discharge in August 2009. (*See* Op. & Order ("MSJ Op.") (Dkt. No. 43, *Miller v. McHugh*, 09-CV-7425 Dkt. (S.D.N.Y.)).) Plaintiff asserts that this ruling was based on perjured statements by Nawaday. (Compl. 5, 9.) After her termination, Plaintiff in July 2014 filed a second complaint, which Judge Seibel dismissed on Rule 12(b)(6) grounds. (*See* Op. & Order ("MTD Op.") (Dkt. No. 19, *Miller v. McHugh*, 14-CV-5026 Dkt. (S.D.N.Y.)).) Plaintiff filed a third federal court complaint on July 2, 2018. (Compl. ("2018 Compl.") (Dkt. Nos. 1, 1-1, *Miller v. Esper*, 18-CV-5995 Dkt. (S.D.N.Y.)).) Judge Stanton dismissed the complaint sua sponte, reasoning that "[t]he issues raised in this complaint are issues Plaintiff raised or could have raised in [the first two lawsuits], and therefore these claims are barred by the doctrine of res judicata." (Order of Dismissal ("2018 Order") 4 (Dkt. No. 2, *Miller v. Esper*, 18-CV-5995 Dkt. (S.D.N.Y.)).) Judge Stanton also warned Plaintiff

that "filing of further litigation in this Court, challenging the actions of her former employer, will result in an order barring Plaintiff from filing new actions against her former employer in forma pauperis unless she receives prior permission." (*Id*. at 5.) The Second Circuit dismissed Plaintiff's appeal. (Mandate of USCA ("Mandate") (Dkt. No. 7, *Miller v. Esper*, 18-CV-5995 Dkt. (S.D.N.Y.)).) The case before Judge Stanton is particularly relevant here, because the vast majority of the instant Complaint appears to have been copied verbatim from Plaintiff's 2018 complaint. For example, the "Statement of Facts" is completely identical, with the exception of a clause added to the fourth paragraph. (*See* Compl. 5–16; 2018 Compl. 4–15.)

The two complaints differ only very slightly. The Complaint names as a defendant Whitley's predecessor, who at the time had been recently named Secretary of the Department, (*see* Compl. 1, 17, 23, 25), while the 2018 complaint did not, (*see generally* 2018 Compl.). In addition, the Complaint identifies two post-2018 events that were not discussed in the 2018 complaint. First, the Complaint notes a December 9, 2019 EEOC ruling. (*See* Compl. 3.) This ruling related to Plaintiff's administrative claim that the EEOC provided Plaintiff's prior administrative complaint to its attorney Matthew Geller ("Geller"), even though he was named in this prior complaint. (*See* Compl. 96–97.) The administrative judge found that "there [was] no showing of harm to [Plaintiff]" from this error. (*Id*. at 80.) However, due to a potential "chilling effect," the administrative judge ordered that a notice that the Department discriminated against Plaintiff be "posted for 180 days." (*Id*. at 80, 83.) The Department appealed the posting order, (*id*. at 73–74), and prevailed because Plaintiff "failed to prove she was subjected to unlawful retaliation in violation of Title VII[,]" and, thus, "there [was] no basis for the posting order mandated by the AJ," (*id*. at 34). According to Plaintiff, this decision "brings to light new . . . proof that Plaintiff has not received a hearing by the EEOC thus denial of [sic] due process." (*Id*.

at 3.) Second, the Complaint notes a January 17, 2020 letter from OPM, which sought "to determine if the condition on which [Plaintiff] retired continues to be disabling." (*See id*. at 3, 109.) According to Plaintiff, this letter indicates "new harassment and retaliation," because although the Department "claimed Plaintiff [was] too disabled for her current position," her doctors "medically clear[ed] Plaintiff for work." (*Id*. at 3.)

Plaintiff's Complaint, dated March 4, 2020, was filed on March 5, 2020. (*Id*.) The Complaint seeks relief for discrimination and retaliation pursuant to the Rehabilitation Act as modified by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. (*See id*. at 20–23, 25–28.) The Complaint also seeks relief pursuant to various statutes that authorize criminal penalties, 18 U.S.C. §§ 241, 245, 1621, and based on 42 U.S.C. § 1983. (*See id*. at 17–20, 23–25.)[3] On May 13, 2020, Defendants submitted a letter requesting leave to file a motion to dismiss, (*see* Dkt. No. 4), and the Court granted their request, (*see* Dkt. No. 6). Defendants filed the instant Motion on June 30, 2020. (Not. of Mot.; Mem. of Law in Supp. of Defs.' Mot. ("Defs.' Mem.") (Dkt. No. 8).) On July 10, 2020, Defendants wrote a letter to the Court explaining that Plaintiff had not opposed the Motion. (Dkt. No. 10.) The Court provided Plaintiff until August 10, 2020 to oppose the Motion. (Dkt. No. 11.) Defendants submitted a second letter on October 28, 2020, again explaining that Plaintiff had yet to oppose the Motion. (Dkt. No. 12.) The Court via memo endorsement extended Plaintiff's opposition deadline to November 15, 2020, and ordered Defendants to mail the memo endorsement to Plaintiff. (Dkt. No. 13.) On January 7, 2021, Defendants submitted a third letter, noting that Plaintiff had not been mailed the October 28, 2020 memo endorsement and requesting a final deadline for

[3] Plaintiff also seeks relief under 18 U.S.C. § 1746. This provision does not exist. The Court assumes that Plaintiff intends to refer to 28 U.S.C. § 1746, which concerns unsworn declarations under penalty of perjury.

Plaintiff to oppose the Motion. (Dkt. No. 14.) The Court provided Plaintiff until January 25, 2021 to oppose the Motion. (Dkt. No. 15.) It further noted that, should Plaintiff fail to meet this deadline, the Motion would be deemed fully submitted. (*Id*.) Plaintiff did not oppose the Motion before January 25, 2021, and has not opposed the Motion or otherwise communicated with the Court. Thus, the Court deems the Motion fully submitted and ripe for adjudication.

## II. Analysis

### A. Standard of Review

"The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim are 'substantively identical.'" *Gonzalez v. Option One Mortg. Corp.*, No. 12-CV-1470, 2014 WL 2475893, at *2 (D. Conn. June 3, 2014) (quoting *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003)).

#### 1. Rule 12(b)(1)

"A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint." *Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014) (citation and quotation marks omitted). "Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and quotation marks omitted), *aff'd*, 561 U.S. 247 (2010); *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (describing subject matter jurisdiction as the "threshold question" (quotation marks omitted)).

The Second Circuit has explained that a challenge to subject-matter jurisdiction pursuant to Rule 12(b)(1) may be facial or fact-based. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47,

56 (2d Cir. 2016). When a defendant raises a facial challenge to standing based solely on the complaint and the documents attached to it, "the plaintiff has no evidentiary burden" and a court must determine whether the plaintiff asserting standing "alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Id.* (alterations omitted) (quoting *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011)). In making such a determination, a court must accept as true all allegations in the complaint and draw all inferences in the plaintiff's favor. *Id.* at 57. However, where a Rule 12(b)(1) motion is fact-based and a defendant proffers evidence outside the pleadings a plaintiff must either come forward with controverting evidence or rest on the pleadings if the evidence offered by the defendant is immaterial. *Katz v. Donna Karan Co., LLC*, 872 F.3d 114, 119 (2d Cir. 2017). If the extrinsic evidence presented by the defendant is material and controverted, the Court must make findings of fact in aid of its decision as to standing. *Carter*, 822 F.3d at 57.

2. Rule 12(b)(6)

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been

stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

In considering Defendants' Motion To Dismiss, the Court is required to "accept as true all of the factual allegations contained in the [C]omplaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (same). And, the Court must "draw[] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Where, as here, a plaintiff proceeds pro se, the Court must "construe[] [her complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (citation omitted). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedure and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (citation omitted).

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks omitted). However, when the complaint is drafted by a pro se plaintiff, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (quotation marks omitted), including "documents that a pro se litigant attaches to [her] opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted), statements by the plaintiff "submitted in response to [a] defendant's request for a pre-motion conference," *Jones v. Fed. Bureau of Prisons*, No. 11-CV-4733, 2013 WL 5300721, at *2 (E.D.N.Y. Sept. 19, 2013), and "documents either in [the] plaintiff['']s possession or of which [the] plaintiff[] had knowledge and relied on in bringing suit," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quotation marks omitted).

B. Application

Defendants argue that Plaintiff lacks a private right of action under the criminal statutes, (Defs.' Mem. 12–13), that Plaintiff may not bring a § 1983 claim against federal defendants, (*id*. at 13–14), that Plaintiff's Rehabilitation Act claims against Defendants other than Whitley should be dismissed, (*id*. at 14), that Plaintiff's Rehabilitation Act claims are barred by res judicata, (*id*. at 14–16), and that Plaintiff fails to state a claim under the Rehabilitation Act, (*id*. at 16–19). The Court discusses each of these arguments to the extent necessary.

1. Criminal and § 1983 Claims

Defendants argue that Plaintiff lacks a private right of action under the criminal statutes, (Defs.' Mem. 12–13), and that Plaintiff may not bring a § 1983 claim against federal defendants, (*id*. at 13–14). The Court agrees. Private individuals may not seek criminal remedies under 18 U.S.C. §§ 241, 245, 1621 or under 28 U.S.C. § 1746. *See Xunxian Liu v. Bushnell*, No. 17-CV-1398, 2018 WL 3093974, at *13 (D. Md. June 22, 2018) (finding no private right of action under 28 U.S.C. § 1746), *aff'd sub nom. Xunxian Liu v. Azar*, 742 F. App'x 748 (4th Cir. 2018); *Sun-Ming Sheu v. Centex Home Equity*, No. 06-CV-2235, 2006 WL 8452032, at *2 (E.D.N.Y. Sept. 18, 2006) (finding no private right of action under § 1621), *aff'd*, 295 F. App'x 392 (2d Cir. 2008); *Sauls v. Bristol-Myers Co*., 462 F. Supp. 887, 889 (S.D.N.Y. 1978) (finding no private right of action under §§ 241 or 245). And federal defendants may not be liable under § 1983. *See Chodos v. FBI*, 559 F. Supp. 69, 72 (S.D.N.Y. 1982), *aff'd*, 697 F.2d 289 (2d Cir. 1982). Thus, these claims are dismissed.

2. Res Judicata

Defendants argue that Plaintiff's Rehabilitation Act claims are barred by res judicata. (Defs.' Mem. 14–16.) With the exception of claims related to the 2019 EEOC ruling or the 2020 OPM letter, the Court agrees.

"The doctrine of res judicata, or claim preclusion, holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (citation, quotation marks, and italics omitted). To establish that a matter is res judicata, "a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims

asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). The doctrine of res judicata applies to claims brought under the Rehabilitation Act. *See Antonsen v. Ward*, 943 F.2d 198, 204 (2d Cir. 1991) (noting that the plaintiff's "claim under [the Rehabilitation Act] . . . is barred by res judicata"); *see also Morales v. N.Y.C. Dep't of Educ.*, 808 F. App'x 35, 37 (2d Cir. 2020) (summary order) (holding that the plaintiff's "Rehabilitation Act . . . claim[] could have been raised in" a prior lawsuit because it "stemmed from the same disciplinary proceedings and involved the same essential facts[,] and, therefore, the claim was "barred").

Here, all three requirements are met for the majority of the Complaint. First, all three prior cases were decided on the merits. As discussed, the defendants were granted summary judgment in Plaintiff's case filed in 2009. (*See* MSJ Op.) A grant of summary judgment is a final judgment on the merits. *See Yeiser v. GMAC Mortg. Corp.*, 535 F. Supp. 2d 413, 421 (S.D.N.Y. 2008) ("[A] summary judgment dismissal is considered a decision on the merits for res judicata purposes." (italics omitted) (citing *Weston Funding Corp. v. Lafayette Towers, Inc.*, 550 F.2d 710, 715 (2d Cir. 1977))); *see also Reeves v. City of Yonkers*, No. 17-CV-5341, 2019 WL 2602897, at *5 (S.D.N.Y. June 25, 2019) (same). Further, Plaintiff's complaints filed in 2014 and 2018 were dismissed with prejudice pursuant to Rule 12(b)(6). (*See* MTD Op.; 2018 Order.) "A dismissal with prejudice . . . constitutes a final judgment with the preclusive effect of res judicata." *Nemaizer v. Baker*, 793 F.2d 58, 60–61 (2d Cir. 1986) (citation, italics, and quotation marks omitted); *see also Thurston v. Flyfit Holdings, LLC*, No. 18-CV-9044, 2020 WL 2904065, at *4 (S.D.N.Y. June 3, 2020).

Second, Plaintiff brought all three of the prior cases. While the instant Complaint names a defendant—Whitley's predecessor, (*see* Compl. 1)—who was not named in Plaintiff's prior lawsuits, that does not change the calculus. "[A] suit against a[n] . . . official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff named the Secretary of the Department in each of her prior complaints. (*See* 2018 Compl.; Compl. ("2009 Compl.") (Dkt. No. 1, *Miller v. McHugh*, 09-CV-7425 Dkt. (S.D.N.Y.)); Compl. ("2014 Compl.") (Dkt. No. 1, *Miller v. McHugh*, 14-CV-5026 Dkt. (S.D.N.Y.)).) Thus, Whitley's predecessor was not a new party. Even if he were, "res judicata is typically available to a newly named defendant when the facts in an earlier case are the same and were known to [a] [p]laintiff." *Dellutri v. Village of Elmsford*, 895 F. Supp. 2d 555, 561–62 (S.D.N.Y. 2012). To the extent Plaintiff's claims were included in her 2018 complaint, that is true here.

Third, the vast majority of Plaintiff's claims could have been asserted in her prior cases. Indeed, most of them were; as discussed, the Complaint and the 2018 complaint are nearly identical, with very few exceptions. (*Compare* Compl., *with* 2018 Compl.) As discussed, the 2018 complaint did not include—and could not have included—the 2019 EEOC ruling or the 2020 OPM letter. (*Id.*) Thus, all aspects of the Complaint are dismissed as res judicata with the exception of claims related to the 2019 EEOC ruling or the 2020 OPM letter. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000) ("While claim preclusion bars relitigation of the events underlying a previous judgment, it does not preclude litigation of events arising after the filing of the complaint that formed the basis of the first lawsuit.").

3. Failure To State A Claim

Defendants argue that the Complaint fails to state a Rehabilitation Act claim based on the 2019 EEOC ruling or the 2020 OPM letter. (Defs.' Mem. 16–19.) The Court agrees.

To establish a claim for retaliation under the Rehabilitation Act, Plaintiff must show that: "(1) [s]he engaged in an activity protected by the [Rehabilitation Act]; (2) the employer was aware of this activity; (3) the employer took adverse employment action against [her]; and (4) a causal connection exists between the alleged adverse action and the protected activity." *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002). To establish a claim for discrimination, Plaintiff must show that Defendants took an adverse action "'solely' because of [her] disability." *Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 49 (2d Cir. 2002), *superseded by statute on other grounds*.

With respect to the 2019 EEOC ruling, Plaintiff claims that it was "harassing and retaliatory," (Compl. 22), and "further inflames the retaliation," (*id*. at 25). She claims that the EEOC and its representative, Carlton Hadden ("Hadden"), failed to consider "all of [her] claims" or "mention[] . . . [her] appeal response," and "erroneously claims that there was a full investigation." (*Id*. at 25–26.) Hadden also overlooked Plaintiff's claim that she was harmed because "Geller's wrongful advice to the leadership resulted in injury to Plaintiff's knee and removal and termination . . . ." (*Id*. at 26.) With respect to the 2020 OPM letter, Plaintiff alleges that "OPM continue[d] to harass Plaintiff's disability by claiming 'You were approved for disability retirement on the basis of documentation you provided[],'" when in fact "Defendants and Dr. Sally Dorfman made these claims, not Plaintiff, nor her [o]rthopedic [s]urgeon." (*Id*. at 21–22.) Plaintiff has not alleged that either the 2019 EEOC ruling or the 2020 OPM letter was an adverse action by an employer. (*See* Defs.' Mem. 19.) Plaintiff does not allege that she

worked for EEOC or OPM. (*See* Compl.) Indeed, she does not name Hadden as a defendant. (*See id.*) Thus, Plaintiff's claims based on the 2019 EEOC ruling and the 2020 OPM letter are dismissed.[4]

III. Filing Injunction

Defendants seek an injunction preventing Plaintiff, absent Court permission, from filing future actions asserting claims related to her employment with the Department and against Defendants. (Defs.' Mem. 19–20.)

A court may enjoin future filing based on vexatious litigation after considering the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). As to the first factor, Plaintiff's litigation history is certainly "duplicative." As discussed, a significant portion of the Complaint is copied verbatim from Plaintiff's 2018 complaint. (*Compare* Compl., *with* 2018 Compl.) However, because Plaintiff filed her 2009 complaint before being terminated from her position, (*see* 2009 Compl.), she has attempted to litigate her dismissal only three times. And, as discussed, Plaintiff does plead several recent developments, which makes the Complaint not entirely duplicative. At least one court has found four overlapping lawsuits sufficient to enjoin future filings, even where the plaintiff's "claims var[ied] from action to action." *See Fitzgerald*

[4] Because Plaintiff fails to state a Rehabilitation Act claim that is not barred by res judicata, the Court does not consider Defendants' argument that Rehabilitation Act claims against Defendants other than Whitley should be dismissed. (*See* Defs.' Mem. 14.)

*v. Field*, No. 99-CV-3406, 1999 WL 1021568, at *4 (S.D.N.Y. Nov. 9, 1999), *aff'd*, 216 F.3d 1072 (2d Cir. 2000); *see also Carrington v. Graden*, No. 18-CV-4609, 2020 WL 5503537, at *5 (S.D.N.Y. Sept. 11, 2020) (finding two lawsuits sufficient to support a filing injunction); *cf. Azkour v. Maucort*, No. 11-CV-5780, 2018 WL 1441366, at *1 (S.D.N.Y. Mar. 21, 2018) (enjoining filing after "just two lawsuits" where the plaintiff "filed numerous amended complaints in each case and forced Defendants to engage in costly litigation" and "filed numerous grievances against defense counsel personally, including baseless requests for sanctions"). However, while "there is no strict numerosity requirement that must be met," *Carrington*, 2020 WL 5503537, at *5 (alterations omitted) (citing *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019)), most courts that have enjoined future filings have done so after a greater number of redundant complaints, *see, e.g.*, *Eliahu*, 919 F.3d at 714 (noting "twelve other actions in either federal or state courts throughout the United States"); *In re Cunningham*, No. 17-CV-7809, 2018 WL 10038795, at *10 (S.D.N.Y. Mar. 22, 2018) (enjoining filings where the plaintiff "filed over 20 lawsuits"); *Bascom v. Brooklyn Hosp.*, No. 15-CV-2256, 2018 WL 1135651, at *6 (E.D.N.Y. Feb. 28, 2018) (enjoining filing where the plaintiff "filed or attempted to file approximately 18 actions"); *Lipin v. Hunt*, 573 F. Supp. 2d 836, 838 (S.D.N.Y. 2008) (noting that the plaintiff "has now filed six separate actions" based on the same core facts); *New Phone Co., Inc. v. N.Y.C. Dep't of Info. Tech. & Telecomms.*, No. 03-CV-192, 2007 WL 9706464, at *2 (E.D.N.Y. Oct. 9, 2007) (noting "eight lawsuits based on the same factual assertions"), *report and recommendation adopted*, 2008 WL 11411325 (E.D.N.Y. Jan. 28, 2008). Thus, this factor does not decisively weigh in favor of a filing injunction.

The second factor "requires an objective assessment of the plaintiff's legitimate expectations of prevailing." *Brady v. IGS Realty Co. L.P.*, No. 19-CV-10142, 2020 WL

6049649, at *4 (S.D.N.Y. Oct. 13, 2020) (italics omitted). After the sua sponte dismissal of her third complaint was affirmed by the Second Circuit, (*see* Mandate), Plaintiff's nearly identical Complaint had zero objective chance of success. That said, the Court doubts that Plaintiff's filings are malicious. Instead, they likely reflect a "refusal to accept . . . the outcome of earlier lawsuits," which has been a basis to enjoin future filings. *See Fitzgerald*, 1999 WL 1021568, at *4. Plaintiff suggests that she has been denied her day in court. (*See* Compl. 5 ("Plaintiff never received any litigation, nor jury trial . . . ." (emphasis original)).) This is wrong. Plaintiff's claims have been considered and "resoundingly rejected by the courts." *See Safir*, 792 F.2d at 24. In each case Plaintiff has exercised her right to appeal. (*See* Dkt. No. 6, *Miller v. Esper*, 18-CV-5995 Dkt. (S.D.N.Y.); Dkt. No. 21, *Miller v. McHugh*, 14-CV-5026 Dkt. (S.D.N.Y.); Dkt. No. 45, *Miller v. McHugh*, 09-CV-7425 Dkt. (S.D.N.Y.).) Because Plaintiff either failed to state a claim on which relief could be granted, or failed to establish a material fact in dispute for a jury to resolve, she was "not entitled to a jury trial." *See Weiss v. City of New York*, No. 96-CV-8281, 2003 WL 21414309, at *1 (S.D.N.Y. June 19, 2003). Thus, this factor weighs in favor of a filing injunction.

As to the third factor, the Second Circuit has recognized that "pro se litigants, in many cases, are entitled to special solicitude, but . . . ha[s] not altogether 'excuse[d] frivolous or vexatious filings by pro se litigants.'" *Eliahu*, 919 F.3d at 715 (italics omitted, second alteration in original) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (per curiam)). Here, where there is no basis to conclude that Plaintiff "had assistance from counsel," she is entitled to this solicitude. *Id.* But this solicitude "does not extend to the [willful], obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate [her] rights." *Sathianathan v. Smith Barney, Inc.*, No. 04-CV-7122, 2006

WL 538152, at *34 (S.D.N.Y. Feb. 24, 2006) (citing *McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988)), *report and recommendation adopted as modified*, 2007 WL 576097 (S.D.N.Y. Feb. 21, 2007).

As to the fourth factor, while Plaintiff has caused "needless expense to other parties" and "unnecessary burden on the courts," this expense and burden have not at this juncture been particularly high. Unlike some other litigants whose filings were enjoined, the Court is unaware that Plaintiff has failed to pay attorneys' fee awards. *See Ranasinghe v. Kennell*, No. 16-CV-2170, 2017 WL 384357, at *5 (S.D.N.Y. Jan. 25, 2017), *aff'd*, 718 F. App'x 82 (2d Cir. 2018); *cf. Carrington*, 2020 WL 5503537, at *5 (noting "almost $1 million in legal fees"). Neither have Plaintiff's most recent cases generated lengthy records or thousands of pages of documents. *See Sathianathan*, 2006 WL 538152, at *34. (*See* 2018 Order (dismissing 2018 complaint sua sponte).)

Overall, the Court finds that the "record is insufficient at this time to issue an anti-suit injunction against" Plaintiff. *Galanova v. Portnoy*, 432 F. Supp. 3d 433, 447 (S.D.N.Y. 2020) (declining to impose a filing injunction after four lawsuits); *see also Farkash v. Five Star Travel Inc*., No. 18-CV-3699, 2019 WL 4600956, at *4 (S.D.N.Y. Sept. 23, 2019) (declining to impose a filing injunction where the plaintiff filed a third, "virtually identical" lawsuit while a motion was pending), *aff'd*, — F. App'x —, 2021 WL 79164 (2d Cir. Jan. 11, 2021). However, the Court cannot conclude that "Plaintiff's behavior falls well outside the universe of *Safir*." *See Pepin v. N.Y.C. Dep't of Educ*., No. 14-CV-9657, 2016 WL 915298, at *5 (S.D.N.Y. Mar. 4, 2016) (declining to impose a filing injunction after one lawsuit, and noting that "[t]he plaintiff in *Safir* was restricted from future litigation following *twenty years* of litigating claims" (emphasis original)), *aff'd*, 671 F. App'x 18 (2d Cir. 2016). Further duplicative lawsuits would almost

certainly merit a filing injunction, which would apply to all Plaintiff's lawsuits related to her employment, not just lawsuits filed in forma pauperis. (*See* 2018 Order 5.)

## IV. Conclusion

For the foregoing reasons, Defendants' Motion To Dismiss is granted insofar as it seeks to dismiss Plaintiff's claims. Because this is the first adjudication of Plaintiff's claims regarding the 2019 EEOC ruling and the 2020 OPM letter, those claims are dismissed without prejudice. Plaintiff may file an amended complaint within 30 days of the date of this Opinion & Order. The amended complaint should contain appropriate changes to remedy the deficiencies identified in this Opinion & Order. Plaintiff is advised that the amended complaint will replace, not supplement, the instant Complaint, and therefore must contain all of the claims, factual allegations, and exhibits that Plaintiff wishes the Court to consider. If Plaintiff fails to abide by the 30-day deadline, her claims may be dismissed with prejudice. Plaintiffs remaining claims are dismissed with prejudice.

The Clerk of the Court is respectfully requested to terminate the pending Motion, (Dkt. No. 7), update the docket on ECF as described in footnote 1 on page 2, and to mail a copy of this Opinion & Order to Plaintiff.

SO ORDERED.

DATED: March 30, 2021
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE